IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARNITA ANDERSON, on her own behalf and as Special Administrator of the Estate of CURTIS STAGGERS, deceased, | ) ) ) |
| Plaintiff, | ) Case No. ) ) Judge |
| v. | ) ) Magistrate Judge |
| UNKNOWN JOHN DOE POLICE OFFICERS, | ) ) JURY DEMAND ) |
| Defendants. | ) |

## COMPLAINT

**NOW COMES** the Plaintiff, CHARNITA ANDERSON, by and through her attorneys, Erickson & Oppenheimer, complaining against the Defendants, UNKNOWN JOHN DOE POLICE OFFICERS (collectively "Defendant Officers"), individually, as follows:

## INTRODUCTION

1) This action, arising out of the death of Curtis Staggers ("Decedent"), is brought pursuant to 42 U.S.C. §1983 to address deprivations of Decedent's rights under the Constitution of the United States.

## JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4) The Plaintiff, Charnita Anderson, is the mother of the Decedent.

5) The Defendants, Unknown John Doe Police Officers, were at all relevant times duly appointed police officers of the City of Chicago and at all relevant times were acting within their scope of employment and under color of law.

## FACTS

6) On or about May 28, 2019, the Decedent left his home located in or about the area of the 8100 block of South Chappel Avenue in Chicago, Illinois and entered a vehicle.

7) Without lawful justification or excuse, one or more of the Defendant Officers fired at the Decedent, striking him and killing him.

8) Said actions of the Defendant Officers were intentional, willful and wanton and/or committed with reckless indifference and disregard for the Decedent's rights.

9) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

## COUNT I—EXCESSIVE FORCE (Section 1983)

10) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

11) The actions of the Defendant Officers as set forth hereto constitute excessive force against the Decedent, thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

12) As a direct and proximate consequence of the Defendant Officers' conduct, the Decedent suffered damages, including without limitation violations of his

constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT II– BATTERY (state law claim)

13) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

14) The conduct of the Defendant Officers resulted in offensive physical contact with the Decedent made without his consent, thus constituting battery under Illinois law.

15) The Defendant Officers' actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT III—WRONGFUL DEATH (state law claim)

16) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

17) The actions of the Defendant Officers as set forth hereto caused the wrongful death of the Decedent, in violation of ILCS 740 180/1 et seq.

18) The Defendant Officers' actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

19) As a result of the Defendant Officers' conduct, the Estate has suffered injury, including without limitation incurring medical and/or funeral expense and the loss of society and companionship.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT IV—SURVIVAL ACTION (state law claim)

20) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

21) After the Decedent was shot, he survived for a period of time during which he experienced conscious pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

### JURY DEMAND

The Plaintiff requests a trial by jury.

### NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Michael Oppenheimer

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370